IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRADFORD E. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-2064 (MN) |
| ) | |
| KATHY DEARIE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Bradford E. Wilson, Philadelphia, Pennsylvania, Pro Se Plaintiff.

January 8, 2020
Wilmington, Delaware

NOREIKA, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff Bradford E. Wilson ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights under the First, Sixth, and Fourteenth Amendments of the United States Constitution.[1] (D.I. 2). He asserts jurisdiction by reason of a federal question and based upon diversity of citizenship. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4).[2] The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

II. **BACKGROUND**

Plaintiff alleges his constitutional rights were violated in October 1995 by the Family Court of the State of Delaware. (D.I. 2 at 5). He explains that he was not present at a hearing that appears to have been held to address charges of endangering the welfare of a child. (*Id*. at 11). Plaintiff alleges that he was denied the right to confront his accuser, denied the right to have an attorney present, and denied the right to free speech. (*Id*. at 13). Plaintiff alleges lies were told by the mother's side of the family and, to this day, his now adult son Bradford M. Wilson has nothing to do with him. (*Id*.).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] Plaintiff, who is not an attorney, also filed the complaint on behalf of his adult son, Bradford M. Wilson. The Court dismissed Bradford M. Wilson from the action after he failed to provide the court with an application to proceed *in forma pauperis*. (*See* D.I. 10). In addition, Bradford M. Wilson never signed the complaint, and the Court was not provided with his correct address. All mailings to Bradford M. Wilson were returned as "undeliverable. (*See* D.I. 6; D.I. 7).

1

Plaintiff seeks compensatory damages in the sum of two million dollars per year for every year the child was gone, as well as an order for Defendant Kathy M. Dearie[3] to put his name on the child's birth certificate, a DNA test to determine if Bradford M. Wilson is his son, and removal of the endangerment welfare of a child charges from his record. (*Id*. at 8, 14).

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92

---

[3] The Complaint asserts jurisdiction by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332, however, both Plaintiff and Dearie reside in Pennsylvania. Thus, there is not complete diversity.

2

(3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Statute of Limitations

Plaintiff alleges that his constitutional rights were violated in 1995. Plaintiff's § 1983 claims are raised against State defendants Family Court of the State of Delaware, Judge Patrick Stewart, State Prosecutor Joel Hitch, and Family Services Dennis Moore. (D.I. 2 at 4, 5, 12). For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions and are also subject to a two year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense

4

is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff complains of actions that occurred in October 1995, yet he did not commence this action until October 30, 2019. It is clear from the face of the Complaint that the claims are barred by the two-year statute of limitations, having been filed more than 20 years after the expiration of the two-year limitation period. Accordingly, the Court will dismiss all § 1983 claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Supplemental Jurisdiction

The Complaint also names as defendants Kathy Dearie, the mother of Bradford M. Wilson, and his son's grandparents, none of whom are State actors. Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over any potential supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).

## V. **CONCLUSION**

For the above reasons, the Court will: (1) dismiss the complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and (2) decline to exercise supplemental jurisdiction over any supplemental state claims.

An appropriate Order will be entered.